~
### State v. Degler
### Case No. 2491
### Wayne County, (9th)
### Decided February 21, 1990
[Cite as 1 AOA 320]

*Richard R. Benson, Jr., Asst. Prosecutor, 538 N. Market St., Wooster, OH 44691 for Plaintiff.*

*Edward K. Eberhart, Attorney at Law, 517 N.*

*Market St., P. O. Box 153, Wooster, OH 44691 for Defendant.*

## PER CURIAM

The prime issue in this case is whether a person may be convicted of operating a motor vehicle within the contemplation of R.C. 4511.19(A) when the vehicle is incapable of motion. We hold that a person may not be so convicted. Because the trial court erred by charging the jury incorrectly, we reverse.

Defendant was found by a police official behind the steering wheel of an automobile which was hung up on rail-road tracks. The engine was running and the rear wheels were spinning off the ground. Defendant was intoxicated. Defendant was charged with operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1).

The defense at trial was not that defendant was not under the influence of alcohol, which he admitted, but that he did not operate the vehicle.

Defendant testified that he went to the Depot Bar where he drank to intoxication. He said he had a dreamlike memory of a train going by and awoke in the city jail. He remembered nothing else.

Larry Flannagan, the bartender at the Depot Bar, testified that defendant became intoxicated at his bar. Linda Tackett took defendant's car keys from him so the defendant would not drive. Tackett and defendant left together. She returned a few minutes later, talked to some people, and again left. She came back in a few minutes later and stayed until closing.

Linda Tackett testified that she had known defendant since school days. She saw him become intoxicated and took his car keys from him so he would not drive. When it was time to leave, she and defendant went to defendant's automobile. Tackett, with defendant on the passenger's side, drove from the parking lot. In the dark she missed a turn and drove the automobile onto the railroad tracks. Once the automobile was hung up on the tracks, she was unable to get the automobile to move in either direction. She went back in the bar to attempt to get help. As she and her recruited helpers went out the door, they saw the police and went back in.

An auto repair man who observed the automobile later, off the tracks, opined that the automobile had no potential for movement when he saw it.

The arresting officer testified that the frame of the automobile was sitting on the tracks and the left rear spring was laying on the ground behind the automobile. The officer testified that, as he observed the vehicle, there was no potential for movement.

Although the officer testified that defendant made statements which could be construed as admissions that defendant drove the automobile onto the tracks, defendant was not asked about these statements either on direct or cross-examination.

### ASSIGNMENTS OF ERROR

"II. The trial court erred to the predudice of the appellant in instructing the jury as follows:

'In order to find operation in the case before you it is not necessary that the vehicle be capable of motion so long as you have found that the defendant was in the driver's seat with the engine running, the vehicle in gear and the rear tires spinning. Driving and operation are not synonymous for purposes of this statute.'

"III.The trial court erred to the prejudice of the appellant by failing to give appellant's jury instruction request as follows:

'If you find that the vehicle was totally incapable of movement then you could not find the defendant guilty of 'operating'."

The court correctly used the jury instructions found in 4 Ohio Jury Instructions (1982), Section 525.19, and approved by us in *State* v. *Heffelfinger* (Oct. 9, 1985), Wayne App. No. 2028, unreported, and *State* v. *Stamp* (Oct. 23, 1985), Wayne App. 2055, unreported:

"To operate includes any act or succession of acts performed which causes or may cause the vehicle to be set in motion, such as causing the vehicle to start, stop, park, turn accelerate, putting the vehicle in gear or backing, whether such vehicle had the engine running or not."

However, the court went on to charge the jury that "it is not necessary that the vehicle be capable of motion so long as you have found that the defendant was in the driver's seat with the engine running, the vehicle in gear and the rear tires spinning."

The combination of these two charges was apparently confusing to the jury, which asked

the court to again advise it on the issue of operation.

The effect of the court's erroneous charge was that even if the jury believed defendant's evidence that he did not drive the vehicle onto the tracks, and even if the jury found that the vehicle was not capable of movement when the defendant got behind the steering wheel, the jury was still bound to find defendant guilty.

*State* v. *Cleary* (1986), 22 Ohio St. 3d 198, is now the controlling case on what constitutes operation. Although *Heffelfinger* and *Stamp* were decided before *Cleary*, those cases correctly anticipated the result in *Cleary*.

The syllabus of *Cleary* states:
"1. Operation of a motor vehicle within the contemplation of R.C. 4511.19(A) is a broader term than driving and a person in the driver's position in the front seat of the vehicle with the key in the ignition while under the influence of alcohol or any drug of abuse can be found in violation of the statute.
"2. Entering a motor vehicle, putting the key in the ignition and starting and engaging the engine in a stationary position are sufficient acts to constitute operation within the meaning of R.C. 4511.19(A)(1)."

There was no issue in *Cleary* as to whether the vehicle must be capable of motion. Therefore the syllabus does not address this issue.

There is, however, other language in *Cleary* that suggests the vehicle must be capable of motion. At page 199 we find:

"* * * Operation of a motor vehicle within contemplation of the statute is a broader term than mere driving and a person in the driver's position in the front seat with the ignition key in his possession indicating either his *actual or potential movement* of the vehicle while under the influence of alcohol or any drug of abuse can be found in violation of R.C. 4511.19(A) (1)." (Emphasis added).

And at page 201:

"* * * It clearly was not the intent of the legislature to encourage intoxicated persons with impaired faculties and very questionable judgment, and with the capability of *putting the vehicle in motion*, to climb behind the wheel and be in a position to put the motor vehicle in motion. * * *." (Emphasis added).

Having concluded that the trial court erred by instructing the jury that for a conviction it was not necessary that the vehicle be capable of motion, we must determine if such error is harmless. It is obvious that this error struck down defendant's legitimate defense. It cannot be reasonably argued that the error is harmless.

## ASSIGNMENT OF ERROR I

"The trial court erred to the prejudice of the appellant in refusing to give appellant's request for instruction as follows:
'"Vehicle" means every device, including a motorized bicycle, in, upon, or by which any person of property may be transported or drawn upon a highway, except devises moved by power collected from overhead electric trolley wires, or used exclusively upon stationary rails or tracks, and except devises other than bicycles moved by human power.'
and instead giving the following instruction:
'The court instructs you that a vehicle includes an automobile as that is commonly understood by the public.'"

The record below is replete with references to the automobile involved in this case. Degler, his mechanic, and Linda Tackett each testified regarding the automobile. In fact, Degler's brief to this court repeatedly refers to the automobile, not as such, but as a "vehicle."

Jury instructions are designed to apply abstract principles of law to specific facts; thus, great latitude is allowed a trial judge in fashioning an appropriate set of instructions. *Heffelfinger, supra.* Upon review, the error complained of, even if sustained, would not be of sufficient weight to have prejudiced Degler. Applying Degler's proposed instruction, reasonable minds could not have failed to find that Degler's automobile satisfied the definition of "vehicle" set forth in R.C. 4511.01(A). Accordingly, we find that any error in the court's charge regarding the automobile's status as a vehicle was harmless beyond a reasonable doubt. *State* v. *Moritz* (1980), 63 Ohio St. 2d 150, 156. Degler's first error assigned is not well taken, and is overruled.

The defendant's conviction is reversed, and

the cause is remanded for a new trial.

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Wayne, Wooster Municipal Court to carry this judgment into execution.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

QUILLIN, P. J., BAIRD, J. Concur

REECE, J., Concurs in part and Dissents in part saying:

I concur with the majority in overruling the first assignment of error. I disagree with the reversal on the second and third assignments of error.

On the authority of *State* v. *Stamp* (Oct. 23, 1985), Wayne App. No. 2055, unreported, I believe the conviction can and should be affirmed.